IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TSEGAY NEGGA,                          §
                                       §
                    Plaintiff,         §
                                       §
V.                                     §            No. 3:24-cv-3003-S-BN
                                       §
KROGER TEXAS, L.P.,                    §
                                       §
                    Defendant.         §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Chief United States District Judge Karen Gren Scholer. *See* Dkt. No. 16.

Plaintiff Tsegay Negga filed this lawsuit in a Dallas County, Texas court against Defendant Kroger Texas L.P. ("Kroger"), alleging vicarious liability, negligence, premises liability, and gross negligence after they purportedly slipped and fell on a wet floor in a Kroger store in July 2024. *See* Dkt. No. 1. Kroger removed Negga's lawsuit to federal court based on federal question jurisdiction. *See id*. And Negga filed an Amended Complaint that included the same claims. *See* Dkt. No. 12.

On May 14, 2025, the Court granted Plaintiff's counsel's request to withdraw from this case. *See* Dkt. No. 21.

And, so, because Negga would be proceeding *pro se* in the instant action, the Court, on the same day, ordered the parties to meet and confer in person or by

telephone not later than May 28, 2025. *See id.* And the parties were directed to file, by June 11, 2025, a joint status report limited to advising the Court of how plaintiff plans to proceed in this action and any other matters relevant to the status or disposition of the case. *See id.*

The Court warned the parties "that failing to comply with any part of this order may result in the imposition of sanctions." *Id.* (citing, as to sanctions, FED. R. CIV. P. 16(f); FED. R. CIV. P. 37(f)).

On June 2, 2025, Kroger filed a status report, see Dkt. No. 25, and, through the report, Kroger explains its efforts to contact Negga:

> Defendant's counsel Seth R. Lightfoot attempted to contact Plaintiff Tsegay Negga, proceeding pro se, via telephone, e-mail, and certified mail prior to May 28, 2025. Specifically, Seth R. Lightfoot called 214.944.9928 – the number listed on page 3 of Plaintiff's motion to withdraw representation (Doc. 14) – on May 14, 2025, but the line was disconnected and not receiving messages. Seth R. Lightfoot additionally sent an e-mail to ntsegay@gmail.com on May 14, 2025, but received a notice that the e-mail address was not functioning. Seth R. Lightfoot mailed the correspondence attached to this status report as Exhibit C to Plaintiff Tsegay Negga on May 15, 2025. The correspondence was delivered to Plaintiff's Ferris Creek address on May 19, 2025. The correspondence has not yet been delivered to Plaintiff's Spring Valley address.

*Id.* at 1-2 (cleaned up).

In the status report, Kroger contended that, because, "[t]o date, Plaintiff ha[d] not communicated with Defendant or any of its counsel of record, [it] believe[d] Plaintiff ha[d] no intention to proceed with this action, especially since his prior counsel of record withdrew representation because of 'Plaintiff's inability to maintain

consistent and meaningful communication with his attorneys' and failure to 'keep [several] appointments.'" *Id.* at 2 (quoting Dkt. No. 14 at 1).

And, so, the Court ordered Negga to file a response, by June 18, 2025, to show cause why sanctions should not be imposed for failing to follow an order of the Court. *See* Dkt. No. 26.

The Court warned Negga that Federal Rule of Civil Procedure 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Id.* at 3 (citing *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018).

And the Court further cautioned Negga that if they continued to fail to prosecute and participate in this case and comply with the Court's orders – including the order to show cause – the undersigned may recommend dismissal of this action under Rule 41(b). *See id.*

After more than two months had passed since the June 18, 2025 deadline and Negga had failed to respond to the Order to Show Cause, the Court entered a Second Order to Show Cause, which ordered Negga to file a response by September 12, 2025. *See* Dkt. No. 29.

And, again, the Court cautioned Negga that if they continued to fail to prosecute and participate in this case and comply with the Court's orders – including the second order to show cause – the undersigned may recommend dismissal of this action under Rule 41(b). *See id.*

The September 12, 2025 deadline has passed, and Negga has not filed a response to either of the Court's orders to show cause.

Considering this record, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

## Discussion

Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute); *see also Campbell v. Wilkinson*, 988 F.3d 798, 800-01 (5th Cir. 2021) (holding that the text of Rule 41(b) does not extend to a failure to comply with a court's local rule insofar as that violation does not also qualify as a failure to prosecute (discussing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992))).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the

defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)); *Campbell*, 988 F.3d at 800 ("It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 251 (5th Cir. 1984) (citing, in turn, *Link*, 370 U.S. at 631))).

And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser

sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

By not complying with the Court's orders, as set out above, Negga – in addition to leaving the impression that they no longer wish to pursue the claims in this lawsuit – has prevented this action from proceeding and has thus failed to prosecute.

A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances and to the extent provided below.

Because the undersigned concludes that lesser sanctions would be futile, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice under Rule 41(b).

That said, these findings, conclusions, and recommendation provide notice that the Court intends to follow through with its warning and dismiss Negga's lawsuit without prejudice under Rule 41(b). And the time within which to file objections to

this recommendation (as further explained below) allows Negga an opportunity to demonstrate that they will follow the Court's orders going forward by (1) filing a response to the Court's orders to show cause and (2) responding to Kroger's counsel and providing updated contact information.

## Recommendation

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 16, 2025

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE